

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-18-00428-CR

_____

### FRANCISCO LIRA LOPEZ, APPELLANT

### V.

### THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19596-1401; Honorable Kregg Hukill, Presiding

June 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Francisco Lira Lopez, appeals the trial court's judgment adjudicating him guilty of the offense of assault of a public servant,[1] sentencing him to five years confinement, and assessing a $1,000 fine. We dismiss the appeal.

We previously remanded this cause to the trial court on May 1, 2019, after Appellant's retained counsel, Mr. Garrick A. Farria, failed to timely file an appellate brief.

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(1) (West 2019).

Upon remand, the trial court was to determine (1) whether Appellant still desired to prosecute the appeal, (2) whether Appellant's present counsel had abandoned the appeal entitling Appellant to new counsel, and (3) whether Appellant was indigent and entitled to appointed counsel. The trial court set the matter for hearing on May 23, 2019, and ordered Appellant, released on bond, and his counsel to personally appear. However, neither Appellant nor his counsel appeared at the hearing. The trial court, thus, entered findings that Appellant no longer desires to prosecute the appeal and that his counsel has abandoned the appeal.

We subsequently reinstated the appeal. By letter sent to Appellant and counsel on May 29, 2019, we directed Appellant to file a response with this court indicating that he still desired to prosecute the appeal. We admonished Appellant that if he failed to file a response by June 27, we would adopt the findings of the trial court and dismiss the appeal pursuant to Rule of Appellate Procedure 42.2(a). The letter sent to Appellant was returned to the court undelivered. Appellant has not provided the court with any other mailing address. *See* TEX. R. APP. P. 9.1(a), (b) (requiring parties to provide an appellate court with their contact information). And, Appellant and his counsel have had no further communication with this court.

Accordingly, we adopt the trial court's findings that Appellant no longer desires to prosecute this appeal. We invoke Appellate Rule 2 to suspend the operation of Appellate Rule 42.2(a), which requires that Appellant and his attorney sign a motion to dismiss. *See* TEX. R. APP. P. 2, 42.2(a). The appeal is dismissed.

Per Curiam

Do not publish.